**SO ORDERED.**

**SIGNED this 03rd day of April, 2009.**

_____
**LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE**

_____

# United States Bankruptcy Court
### Western District of Texas
### San Antonio Division

| | |
|---|---|
| IN RE | BANKR. CASE NO. |
| ROBERT JAY BROWN | 08-53373-C |
| *DEBTOR* | CHAPTER 7 |

### ORDER DENYING REAFFIRMATION

CAME ON for consideration the proposed reaffirmation agreement between the debtor and USAA Federal Savings Bank. The subject of the agreement is a home equity loan. Such loans are non-recourse loans, as a matter of Texas law. There is thus no personal liability on the part of the debtor to USAA Federal Savings Bank. USAA's remedies prior to this bankruptcy being filed were limited to recourse to the property in the event of nonpayment and failure to cure. The bankruptcy changed nothing with regard to the nature of this liability. The debtor's discharge has no impact at all on USAA's claim because discharge only affects the debtor's personal liability on a debt, and the debtor never had any personal liability on this debt, even outside bankruptcy. With nothing to discharge, there should be nothing to reaffirm either.

Yet USAA now wants a reaffirmation agreement from the debtor anyway. Why? To what end? Surely not because USAA fears that without such an agreement, its efforts to enforce this debt might contravene the discharge injunction. That is a red herring if ever there were one. Enforcement of a nonrecourse debt *never* violates the discharge, as a matter of law.

Then for what reason does USAA want this reaffirmation agreement? To get the debtor to *create* personal liability by in effect waiving the protections of the Texas Constitution? One would certainly hope not. Lacking disclosure of such a waiver in its communications with the debtor or in the agreement itself, the effort to obtain such a waiver smacks of fraud. Certainly USAA is not intending to perpetrate a fraud, one would hope.

Perhaps USAA simply wants the opportunity to sell any potential deficiency to a third party debt buyer. But that too would smack of fraud, as it would be the debt buyer, rather than USAA itself, asserting that, by virtue of this agreement, the debtor had waived his rights under the Texas Constitution.

Perhaps USAA hopes, by means of this agreement, to reclassify this debt on its books for internal purposes (or for purposes of surviving audit scrutiny by regulators). But imposing on a debtor the misapprehension that the debtor is personally liable on a debt, solely to prop up balance sheets, cannot be a legitimate basis for the reaffirmation agreement.

Perhaps USAA seeks the reaffirmation agreement out of habit, or out of ignorance of the law, or by error. This is the only explanation that makes sense to the court, and the one that least requires the court to conclude that the lender had a nefarious intent.

There is no reason for a reaffirmation agreement in this case, and plenty of reasons why it is not a good idea. For this reason, the reaffirmation agreement is denied.

### #